IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SAMTERIOUS GORDON,

                    Plaintiff,                          OPINION AND ORDER

    v.

                                                    22-cv-78-wmc

K. LOBENSTEIN and
JANUSZ PLUCINSKI,

                    Defendants.

*Pro se* plaintiff Samterious Gordon was granted leave to proceed on claims that defendants Kenneth Lobenstein and Janusz Plucinksi refused to promote him because of his race and retaliated against him for filing inmate complaints about his prison pay. Defendants filed a motion for partial summary judgment as to any claim that Gordon's challenge to his pay rate arose out of race discrimination, on the ground that he failed to exhaust his administrative remedies for such an equal protection claim. (Dkt. #15.) Because Gordon's inmate complaints did not give prison officials the opportunity to investigate Gordon's belief that he was being treated unfavorably with respect to his rate of pay because of his race, defendants have proven non-exhaustion as to that claim. Therefore, the court is granting defendants' motion.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner must follow all the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes: (1) compliance

with instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) pursing all available appeals "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025; *see also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).   "Exhaustion is necessary even if . . . the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.") (citations omitted).

This exhaustion requirement affords prison administrators a fair opportunity to resolve a grievance without litigation.   *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). However, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must prove.   *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).   Specifically, at summary judgment, defendants must show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In Wisconsin, prisoners must begin the exhaustion process by filing a complaint with an institution complaint examiner ("ICE") within 14 days after the incident giving rise to the complaint.   Wis. Admin. Code § DOC 310.07(2).   Among other requirements, a complaint must contain only one, clearly identified issue, as well as sufficient information for the department to investigate and decide the complaint.   *Id.* § 310.07(5)-(6).   The ICE may reject a complaint for specified reasons, *see id.* § 310.10(6), and the prisoner may appeal the rejection to the appropriate reviewing authority within 10 days.   *Id.*

2

§ 310.10(10).  If the ICE accepts the complaint, then a recommendation is made to the reviewing authority, who in turn renders a decision.  *Id*. §§ 310.10(12), 310.11.  If that decision is unfavorable, then the prisoner may appeal to the corrections complaint examiner ("CCE") within 14 days, unless good cause is shown for an untimely appeal.  *Id*. § 310.12(1), (6).  The CCE then makes a recommendation to the DOC Secretary, who will take final action on the complaint.  *Id*. § 310.13.

Gordon filed the following three inmate complaints related to his claims in this lawsuit:

**NLCI-2021-5969:**  Gordon alleged that the business office caused him to receive a lower pay rate.  The ICE confirmed that Gordon was receiving the correct pay rate and recommended dismissal of the inmate complaint.  The reviewing authority accepted the ICE's recommendation and dismissed the complaint on April 19, 2021.  Gordon timely appealed, the CCE recommended dismissal and the Secretary accepted that recommendation.

**NLCI-2021-9043:**  Gordon alleged that Lobenstein and Plucinski retaliated against him for complaining about his pay rate.  Gordon specifically alleged that Plucinksi refused to assign him to an all-week runner job.  The ICE spoke with Lobenstein, then recommended dismissal of the inmate complaint, and the reviewing authority accepted that recommendation.  Gordon appealed, stating that the ICE failed to consider his allegation that the job was never posted.  He alleged "By them overlooking me on my position because I keep telling them to fix my weekend pay is how the[y] Retaliated against me which is also a form of discrimination."  (Ex. 1002 (dkt. #17-3) 13.)  The CCE

3

recommended dismissal of the appeal, finding that Gordon's allegations did not suggest retaliation, and the Secretary accepted that recommendation.

**NLCI-2021-18243:**  Gordon renewed his claim for back pay because Lobenstein had put him at the incorrect rate.  However, the ICE recommended dismissal of the complaint, and the reviewing authority accepted the recommendation.  Gordon appealed, stating that New Lisbon staff were refusing to give him back pay for his weekend runner job.  Gordon also claimed that his pay rate was corrected but staff had not paid him for the lost wages for the period in which he was paid at the wrong rate.  The CCE recommended dismissal, and the Secretary accepted the recommendation.

Defendants concede that Gordon exhausted his administrative remedies as to his retaliation claim for challenging his pay because he identified the protected conduct – his inmate complaints – as well as the retaliatory act – a refusal to pay him at the proper rate. *See Lockett v. Goff*, No. 17-cv-93-JDP, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (minimal requirement to exhaust First Amendment retaliation claim is to identify "the protected conduct that provoked the retaliation and the retaliatory act").  They only seek summary judgment at to Gordon's equal protection claim because none of these three inmate complaints raised a concern that he was being paid the wrong rate because of his race.  Gordon argues in opposition that the language he used in his inmate complaints was sufficiently clear to alert prison officials to his race discrimination claim.

In fairness to Gordon, he did not need to invoke the Fourteenth Amendment or use the term discrimination since a prisoner is not required to "articulate legal theories, or demand particular relief." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).  Still, a

grievance must "object intelligibly to come asserted shortcoming," *and* inmates are required to "alert[] the prison to the nature of the wrong for which the redress is sought." *Id.* "[T]he standard is whether the offender complaint would put an official on notice of the plaintiff's claim." *Wille v. Pugh*, No. 13-cv-1024, 2015 WL 5254532, at \*6 (E.D. Wis. Sept. 9, 2015). For Gordon to have put prison officials on notice of his equal protection claim based on race (as opposed to a claim based on retaliation alone), Gordon had to provide at least enough information so that prison officials were on notice that they needed to investigate whether Gordon was paid less than *non*-black inmates, as well as any retaliatory motivation for a different pay rate. Since Gordon did not allege anything about his race wrongfully affecting his pay rate, or even more generally his belief that he was being treated less favorably than other inmates, the prison was never put on notice of that claim.

Finally, although Gordon mentioned "discrimination" in his appeal of NLCI-2021-9043, the insertion of that word alone did not exhaust his discrimination claim for two reasons. To begin, Gordon alleged that the retaliation he suffered was a "form of discrimination," and did not mention race. In this case, his first mention of discrimination on appeal could understandably be read as consistent with his assertion that he had been singled out for retaliation after complaining about his pay. Regardless, Wisconsin's procedures do not permit inmates to raise *new* allegations or issues in their appeal. *See Malone v. Clark,* No. 04-cv-229, 2004 WL 2504211, at \*5 (W.D. Wis. Oct. 26, 2004) (plaintiff's reference to retaliation in the appeal of an inmate complaint did not exhaust a retaliation claim because "[t]he exhaustion procedures require plaintiff to raise his claim initially in an inmate complaint and receive a decision on that complaint").

Since Gordon has not otherwise shown that he alerted prison officials to his belief that he was being paid less than other inmates because of his race, the court will grant Gordon's motion for partial summary judgment.  Gordon's equal protection claim as to his pay will be dismissed without prejudice.  *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("all dismissals under § 1997e(a) should be without prejudice").

## ORDER

IT IS ORDERED that defendants' motion for partial summary judgment (dkt. #15) is GRANTED, and plaintiff Samterious Gordon's Fourteenth Amendment equal protection claim as to pay discrimination is DISMISSED without prejudice.

Entered this 13th day of January, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge