IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMTERIOUS GORDON,

        Plaintiff,                    OPINION AND ORDER

v.

                                            22-cv-78-wmc

K. LOBENSTEIN and
JANUSZ PLUCINSKI,

        Defendants.

---

*Pro se* plaintiff Samterious Gordon is proceeding on retaliation claims against defendants Kenneth Lobenstein and Janusz Plucinksi, for refusing to promote him because he filed inmate complaints about his prison pay. Gordon has filed a motion for sanctions (dkt. #33), which I will construe as a motion to compel that I am denying without prejudice.

OPINION

Gordon seeks sanctions because he is unsatisfied with defendants' responses to his discovery requests. He faults defendants for failing to provide: (1) "inmate 1408 job placements between the time of April 1 2021 through July 1, 2021," apparently including the information for five specific inmates; (2) a copy of his notice of injury claim; and (3) defendant Plucinski's work schedule. Gordon maintains that the information is relevant to his retaliation claims to show that other inmates were promoted to a higher position, while he was denied promotion.

In opposition, defendants point out that Gordon has not identified sanctionable conduct; instead, he simply disagrees with defendants' responses to his discovery requests. Defendants are correct: this is not sanctionable conduct, It is better framed as a motion to compel, and I proceed accordingly.

Defendants next contend that Gordon failed to meet and confer before filing this motion, as required by the court (*see* dkt. 13 at 10-11.) Gordon represented in his motion that he reached out to defense counsel about his issues with defendants' discovery responses, but defense counsel attests that Gordon has not discussed or attempted to discuss any discovery issues before he filed this motion. In reply, Gordon does not contest defense counsel's representation, so I take it to be true that Gordon failed to meet and confer. Therefore, I will deny this motion without prejudice with a few comments:

First, defendants argue in the alternative that their discovery responses were appropriate because (1) defendants provided responsive documents to Gordon's request related to job placements and Plucinski's work schedule, (2) defendants did not receive a request for any notice of claim, and (3) Gordon did not request job placement information for any particular inmates. In reply, Gordon concedes that defendants responded substantively and that he does not need a copy of his notice of injury claim, but he is dissatisfied with defendants' response to his request for job placement information. He contends that defendants only provided a list of inmate names and the date of their assignments, as opposed to the documentation related to their placement, form DOC 1408, which he says he needs to prove that others were promoted. Because Gordon did not give defendants the chance to address this concern, I will not order defendants to turn over those documents. But defendants limited their response to providing a list of 12 names and dates of assignment, objecting that locating the paperwork Gordon requests is burdensome because it is no longer located at Gordon's institution. (*See* dkt. 35-4, at 3-5.) It does not seem burdensome for defendants to produce the DOC 1408 forms for the 12 inmates listed in defendants' responses. If Gordon follows up with defendants about this, then I expect that the parties will be able to come to an agreement about the DOC

2

1408 documents.

Gordon also states that he had submitted a request to defendants to disclose job placement information for a specific list of inmates. However, Gordon fails to provide evidence of when he sent that request to defense counsel, and the discovery requests defendants represent that they received from Gordon do not include a request for details about other inmate job placements. Therefore, this aspect of Gordon's motion lacks merit. If Gordon wants additional evidence not previously requested, he must serve defendants with a discovery request consistent with the Federal Rule of Civil Procedure.

ORDER

IT IS ORDERED that plaintiff's motion for sanctions (dkt. #33) is DENIED without prejudice.

Entered this 17th day of July, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge